UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARNELL N. ANDERSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 17-0538 (RC) |
| J.E. KREUGER, Warden, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Petitioner Darnell Anderson and four co-defendants (Obbie English, James Bates, Joseph Jenkins, and Edward Warren) were tried in the Superior Court of the District of Columbia. *See* Pet. ¶¶ 1, 4; Mem. in Support of Facts ("Pet'r Mem.") at 1. Petitioner was convicted of first degree murder while armed, among other offenses. Pet. ¶ 4. "[E]xcept that some of the convictions merged and [were] vacated on remand," the District of Columbia Court of Appeals affirmed the convictions. *See Jenkins v. United States*, 113 A.3d 535, 539 (D.C. 2015), *cert. denied sub nom. Anderson v. United States*, 136 S. Ct. 1507 (2016).

This matter is before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Generally, Petitioner contends that the Superior Court erred when it denied his motion to sever, *id.* ¶ 9(d); *see* Pet'r Mem. at 14-17, and that the Court of Appeals erred when it "overlooked or misapprehended critical facts pertain[in]g to [his] severance issues," Pet. ¶

11(a)(3); *see* Pet'r Mem. at 18-21. He asks this Court to vacate his conviction and sentence, and to order a new trial. Pet. ¶ 12A.

A District of Columbia prisoner "may challenge [his] conviction[] collaterally by filing a motion in Superior Court pursuant to D.C. Code § 23-110, which has been described as 'a remedy analogous to 28 U.S.C. § 2255' for attacking a federal conviction." *Hood v. Spaulding*, __ F. Sup. 3d __, __, 2017 WL 1232401, at *1 (D.D.C. Apr. 3, 2017) (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998)) (additional citation omitted). He "has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) (quoting D.C. Code § 23-110(g)); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

It does not appear that Petitioner has filed a motion in the Superior Court under D.C. Code § 23-110, yet he contends that this remedy is inadequate or ineffective. Pet'r Mem. at 17. Petitioner notes that his conviction has been affirmed on direct appeal, *see id*. at 17-18, and the Court of Appeals' purported errors are not matters properly brought in the Superior Court, *see id*. at 17, 22. Further, Petitioner asserts that "the filing of the D.C. Code [§] 23-110 [m]otion would be 'futile' and that a 'miscarriage of justice' would occur should [this] Court fail to review the issues that are now before it." *Id*. at 22.

"[I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence, and mere lack of success on that appeal does not pave the way for

collateral attack." *Garris*, 794 F.2d at 727 (internal quotation marks, footnotes, and citations omitted).  In essence, Petitioner asks this federal district court to review the rulings of the District of Columbia courts, and this Court has no authority to do so.  *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ("[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts."); *see* 28 U.S.C. § 1257; D.C. Code § 11-721(a)(1).

The Court will dismiss the petition for lack of subject matter jurisdiction.  An Order accompanies this Memorandum Opinion.


DATE: May 17, 2017

/s/
RUDOLPH CONTRERAS
United States District Judge